UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORENCIO GREGORIO MEZA,

Petitioner,

v. Case No.: 2:26-cv-02698-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondent.
_______________________________________/

## OPINION AND ORDER

Before the Court are Florencio Gregorio Meza's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Gregorio Meza's reply (Doc. 6).

Gregorio Meza is a native of Mexico who entered the United States without inspection on February 24, 2000. He now lives in Florida with his wife and two U.S. citizen children. He also has one or two adult U.S. citizen children (the record is unclear), and he operates a construction business. He has no criminal record other than an arrest for driving without a license. On July 2, 2026, local police arrested Gregorio Meza because of his immigration status and handed him over to Immigration and Customs Enforcement (ICE).

On August 5, 2026, Immigration Judge Jennifer Mazza denied Gregorio Meza's request for release on bond with a generic order:

> Respondent failed to demonstrate that they do not present a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006), Matter of R-A-V-P-, 27 I&N Dec. 803 (BIA 2020), and Matter of A-L-S-, 29 I&N 794 (BIA 2026).

(Doc. 4-1 at 1). Gregorio Meza filed a habeas petition in M.D. Fla. Case No. 2:26-cv-2466-SPC-NPM, which the Court construed as a challenge to Judge Mazza's discretionary bond decision. As a result, the Court denied it under 8 U.S.C. § 1226(e), which prohibits courts from reviewing immigration judges' discretionary bond decision.

Gregorio Meza's second habeas petition asserts his detention violates the Fifth Amendment because he has not received a bond hearing that satisfies the requirements of due process. The government casts Gregorio Meza's second petition as an attempt to relitigate the first, but the Court disagrees. Gregorio Meza makes it clear this time that he is asserting a due process claim under the Fifth Amendment and is not asking the Court to review Judge Mazza's discretion. The distinction matters. § 1226(e) barred the first petition, but it does not bar the second. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

Because Gregorio Meza's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all

'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it."

*Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

Gregorio Meza argues the August 5, 2026 bond hearing failed to satisfy the Fifth Amendment because it resulted in a generic order denying bond without any analysis of the facts or consideration of relevant factors. The government claims the recording of the bond hearing demonstrates Judge Mazza set forth a thoughtful and meaningful analysis, but it does not. Instead, the recording confirms Gregorio Meza's characterization of the hearing. Judge Mazza's sole basis for denying bond was an absence of evidence that Gregorio Meza is entitled to the affirmative immigration relief he plans to pursue. She ignored all other important aspects of the issue, such as the factors set out in *Matter of Guerra*, I. &. N. Dec. 40 (BIA 2006).

Ironically, the case Judge Mazza primarily relied on—*Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026)—provides further support that her cursory and narrow consideration of the evidence was insufficient. In *Matter of A-L-S-*, the BIA vacated a bond decision because the immigration judge only considered the noncitizen's pending application for immigration relief. The BIA instructed the immigration judge to assess "flight risk based on the totality of the record, including the existence and substance of any applications for relief, objective evidence relating to the respondent's claimed family relationships and equities, and the extent to which any asserted forms of relief meaningfully bear

on the respondent's likelihood of attendance at future proceedings and compliance with future orders." *Matter of A-L-S-*, 29 I&N at 798. Judge Mazza did not consider the totality of the record here.

An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Gregorio Meza's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Florencio Gregorio Meza's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Gregorio Meza and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record